*399 OPINION.
Trussell;
Section 326(a) of the Revenue Act of 1921 provides that there be included in invested capital “ (2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of sueh 'payment, * * * ” and “(3) Paid-in or earned surplus * * The tangible property paid in to petitioner for its original capital stock issued in 1907 had a cash value equal to the par value of the stock issued and accordingly such value must be included in petitioner’s invested capital, as there has been no return of that capital embarked in the enterprise at the outset. La Belle Iron Works v. United States, 256 U. S. 377.
In 1916 Henry Sorge gave petitioner 100 shares of its original capital stock which had been paid for at par in 1907, and the capital so paid in remained in the business. The result of the gift was a reduction of petitioner’s outstanding capital stock by 100 shares, but *400 its paid-in capital remained the same. Respondent erred in reducing petitioner’s invested capital by $10,000, because of the said gift of 100 shares. Upon the resale of those 100 shares of stock in 1916 the proceeds therefrom, namely $4,500 cash, became additional paid-in capital which ivas properly included in invested capital by respondent. The net result of respondent’s action was a reduction of petitioner’s paid-in capital by the amount of $5,500 which was erroneous. We are of the opinion that petitioner’s invested capital as computed by respondent for 1921 should be increased by the amount of $io;ooo.
No issue has been raised as to the effect of the repurchase of the said 100 shares for $12,500 in 1920, and no facts have been submitted as to how either petitioner or respondent treated the same, and we express no opinion relative thereto.
The second issue involves the respondent’s disallowance of the claimed deduction of $4,000 as additional salaries for services rendered during 1921, for the reason that said amount was divided among all of petitioner’s stockholders on the basis of the number of shares of stock held by each and that the said amount constituted dividends. However, $835 of the said $4,000 constitutes a portion of the regular, authorized salaries, totaling $20,605,' but not withdrawn at the close of the year 1921, so that the actual amount of additional salaries in controversy is $3,165.
The salary question is primarily one of fact, and we are of the opinion that the uncontradicted testimony establishes the facts as set out above but which need not be repeated here. Those facts lead to but one conclusion, -ftdiich is that additional salaries in the amount of $3,165 were properly authorized during 1921 for services actually rendered during that year. The division of the lump sum of $4,000 was made on the basis of stockholdings, but only because such division at the same time was a fair division on the basis of services rendered. Before the division was made it was agreed that A. O. and H. A. Sorge were entitled to at least $2,000 and $1,000, respectively, as additional salary, and that Ralph Sorge was entitled to about $400 for his services. We are of the opinion the division on the basis of stockholdings is immaterial in the case at bar in view of the facts and circumstances which actually transpired. Cf. A. Kreamer, Inc., v. United States, 66 Ct. Cls. 308. The salaries authorized by petitioner for the year 1921, and totaling $23,770, constituted reasonable salaries for services actually rendered and such amount is deductible pursuant to the provisions of section 234 (a) (1) of the Revenue Act of 1921. The $835 of undrawn salaries was included in the bonuses, and petitioner claimed a deduction of $4,000 as additional salaries and respondent disallowed the *401 whole amount. In addition to the salary deduction already allowed, this petitioner is entitled to a deduction of $4,000 from its 1921 gross income.

Judgment will he entered 'pursuant to Bule 50.